UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CLAY MASSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CV-346 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 30] referring Plaintiff's Motion for Sanctions [Doc.29] to this Court for report and recommendation, see 28 U.S.C. § 636(b)(1)(A) (implying post-trial motions are to be addressed by report and recommendation).

This case is related to Massi v. Walgreen Co., Case No. 3:05-CV-425. Following a jury verdict in Massi v. Walgreen Co., Case No. 3:05-CV-425, a judgment in favor of the Plaintiff was entered on November 30, 2006. On September 11, 2007, the Plaintiff filed this suit in an apparent attempt to set aside the verdict in Massi v. Walgreen Co., Case No. 3:05-CV-425. The Court dismissed this case on January 11, 2008, for a number of procedural deficiencies, and in an opinion dated July 30, 2009, the Court of Appeals for the Sixth Circuit found the Plaintiff's arguments for reversing the judgment rendered in Massi v. Walgreen Co., Case No. 3:05-CV-425, were not well-taken. The Plaintiff has now filed a *pro se* Motion for Sanctions [Doc. 29].

The Court finds that the instant motion is, in substance, a motion to alter the judgment in Massi v. Walgreen Co., Case No. 3:05-CV-425. This motion should be denied on two grounds. First, an identical motion was filed just days ago in Massi v. Walgreen Co., Case No. 3:05-CV-425.

The motion addresses the judgment in that case, and any request for relief related to the judgment in that case should be brought in that case. Moreover, as the Court explained when addressing the motion in Massi v. Walgreen Co., Case No. 3:05-CV-425, the motion is untimely as it is made over three and a half years after the judgment was entered in that case. Fed. R. Civ. P. 59(e) (instructing that motions to alter or amend a judgment must be filed within twenty-eight (28) days after the entry of a judgment in a case). Accordingly, the Court **RECOMMENDS**[1] that the Plaintiff's motion **[Doc. 29]** be **DENIED**.

Further, the Court finds that a final judgment has been entered in this case and that the time for filing appeals therefrom has expired. This case is closed. Therefore, the Court **RECOMMENDS** that the Court order that no further filings shall be made in this matter.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).